UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THOMAS SHINAVER,

        Plaintiff,                                      Hon. Paul L. Maloney

v.                                                    Case No. 1:14-CV-727

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.


## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security

case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

2

## PROCEDURAL POSTURE

Plaintiff was 38 years of age on his alleged disability onset date.  (Tr. 129).  He successfully completed high school and worked previously as a laundry worker and production worker.  (Tr. 20).  Plaintiff applied for benefits on August 26, 2011, alleging that he had been disabled since January 15, 2010, due to back impairments, hip pain, foot pain, and depression.  (Tr. 129-35, 149).  Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 54-128).  On September 11, 2012, Plaintiff appeared before ALJ Earl Witten with testimony being offered by Plaintiff and a vocational expert.  (Tr. 26-53).  In a written decision dated December 17, 2012, the ALJ determined that Plaintiff was not disabled.  (Tr. 13-21).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-5).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can

3

dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

   The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

   The ALJ determined that Plaintiff suffers from obesity and degenerative disc disease of the lumbar spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (Tr. 15-17)  With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) he can lift/carry 10 pounds occasionally and less than 10 pounds frequently; (2) during an 8-hour workday, he can walk/stand

---

be performed (20 C.F.R. 404.1520(f)).

for 2 hours and sit for 6 hours; (3) he cannot perform overhead work or operate foot controls; (4) he can only occasionally bend, twist, or turn; (5) he cannot crawl, squat, kneel, or climb; and (6) he cannot use vibratory tools or work at heights or around dangerous machinery.  (Tr. 18).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.  *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the lower peninsula of Michigan approximately 14,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (Tr. 50-51).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The vocational expert further testified that his conclusions would remain the same even

if Plaintiff also required a sit/stand option.  (Tr. 51).  The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.          **Listing of Impairments**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled.  Section 1.04 of the listings addresses "disorders of the spine."  20 C.F.R., Part 404, Subpart P, Appendix 1 § 1.04.  The ALJ found that Plaintiff did not satisfy this particular listing, a conclusion that Plaintiff has not challenged.  Instead, Plaintiff asserts that he is entitled to relief because the ALJ failed to obtain evidence from a medical expert on the question whether the severity of his spinal impairments medically equals the requirements of section 1.07 of the Listing of Impairments which concerns fractures of an upper extremity.  Specifically, section 1.07 of the listings provides as follows:

> Fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset.

20 C.F.R., Part 404, Subpart P, Appendix 1 § 1.07.

Plaintiff bears the burden to demonstrate that he satisfies the requirements of a listed impairment.  *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002).  An impairment satisfies a listing, however, "only when it manifests the specific findings described in all of the medical criteria for that particular impairment."  *Lambert v. Commissioner of Social Security*, 2013 WL 5375298 at *8 (W.D. Mich., Sept. 25, 2013) (citing 20 C.F.R. §§ 404.1525(d)

and 416.925(d)).  Section 1.07 of the listings concerns claimants who have suffered "a fracture of the shaft of the humerus, radius, or ulna."  Plaintiff has suffered no such injury, but instead argues that his *spinal* impairments satisfy the requirements of section 1.07.  This argument is directly contradicted by the authority identified immediately above.  Accordingly, this argument is rejected.

## II.        Plaintiff's Credibility

Plaintiff alleges that he is impaired to an extent far greater than recognized by the ALJ.  For example, Plaintiff testified at the administrative hearing that if he stands for longer than eight minutes his "leg goes numb."  (Tr. 32).  He reported that he "constantly" loses his balance and falls down "several times a day."  (Tr. 34-35).  Plaintiff reported that he is unable to sit for longer than five minutes and is unable to dress himself.  (Tr. 33-34).  Plaintiff testified that he experiences "constant pain" which "constantly" wakes him up at night.  (Tr. 36, 40).  Plaintiff also reported that he is unable to lift a gallon of milk.  (Tr. 36).  The ALJ found Plaintiff to be less than credible and, therefore, discounted his subjective allegations.  Plaintiff asserts that he is entitled to relief because the ALJ's rationale for discounting his testimony is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability."  *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same).  As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled."  20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed.

7

Appx. 981, 989 (6th Cir., Feb. 10, 2009).  Instead, as the Sixth Circuit has established, a claimant's

assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine: (1)
> whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).  This standard is often referred to as the *Duncan*

standard.  *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July

29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may

support a finding of disability only where objective medical evidence confirms the severity of the

alleged symptoms."  *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)).

However, where the objective medical evidence fails to confirm the severity of a claimant's

subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to

resolve the significant conflicts in the administrative record."  *Workman*, 105 Fed. Appx. at 801

(citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be

accorded great weight and deference."  *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d

at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t

is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the

witnesses and weigh and evaluate their testimony").  It is not for this Court to reevaluate such

evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must

stand.  The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded.  *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).  In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable."  *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In discounting Plaintiff's credibility, the ALJ noted that the medical evidence simply failed to support Plaintiff's testimony that he experiences such extreme functional limitations. Plaintiff has undergone two back surgeries, in November 2006 and February 2009.  (Tr. 245, 342-43).  On September 3, 2010, Plaintiff's surgeon reported that Plaintiff was experiencing "minimal" pain.  (Tr. 240).  The doctor also noted that straight leg raising was negative and, moreover, that Plaintiff exhibited "normal gait, with no motor deficit."  (Tr. 240).  As for functional restrictions, the doctor noted only that Plaintiff "has to stay away from heavy labor."  (Tr. 240).  The doctor further observed that Plaintiff "needs to be on a therapeutic exercise program permanently."  (Tr. 240).

X-rays of Plaintiff's lumbar spine, taken May 14, 2010, revealed "post-operative changes at L5-S1 without evidence of complication."  (Tr. 238).  X-rays of Plaintiff's right hip, taken the same day, revealed "no bone or joint abnormality."  (Tr. 239).  On May 26, 2010, Plaintiff participated in an MRI examination of his lumbar spine, the results of which revealed degenerative disc disease "without meaningful canal or recess compromise." (Tr. 236-37).  Treatment notes dated September 27, 2010, indicate that Plaintiff declined to participate in physical therapy.  (Tr. 242).

On April 25, 2011, Plaintiff's surgeon reported that Plaintiff was not experiencing any motor, sensory, or reflex abnormality.  (Tr. 287, 293).  The doctor also observed that Plaintiff

9

"ought to resume his therapeutic exercises and lose weight as I've advised him since day one." (Tr. 287 293). On May 23, 2011, Plaintiff's surgeon reported that Plaintiff's pain was "considerably improved" and, moreover, that "[t]here is no root compression of significance." (Tr. 286). The doctor did not impose any functional limitations on Plaintiff, but instead recommended that Plaintiff: (1) utilize proper body mechanics; (2) engage in proper weight control; and (3) perform "therapeutic exercises." (Tr. 286).

A June 9, 2011 doppler examination of Plaintiff's lower extremities revealed no evidence of abnormality. (Tr. 270). An MRI of Plaintiff's brain, performed June 22, 2011, revealed no evidence of abnormality. (Tr. 261). An MRI of Plaintiff's cervical spine, performed the same day, revealed "mild" degenerative changes. (Tr. 264). A June 29, 2011 MRI of Plaintiff's lumbar spine revealed disc herniations, but "no abnormal enhancement of the [spinal] cord." (Tr. 259-60). Treatment notes dated March 22, 2012, through September 19, 2012, indicate that Plaintiff rated his back pain as 3 or 4 on a 1-10 scale. (Tr. 374, 376, 380, 396).

The ALJ's conclusion that the medical evidence contradicted Plaintiff's subjective allegations is supported by substantial evidence. In this respect, the ALJ also correctly observed that "[t]he record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." (Tr. 19). Furthermore, as the ALJ correctly observed, many of Plaintiff's specific allegations were contradicted by the record. (Tr. 19). For example, while Plaintiff testified that his pain "constantly" wakes him up at night, Plaintiff reported to his treating physician that he was not experiencing sleep difficulties. (Tr. 19, 409-15). While Plaintiff testified that he loses his balance and falls down "several times a day," Plaintiff did not report this to his care providers. (Tr. 19). Likewise,

10

Plaintiff's care providers did not observe any coordination difficulties by Plaintiff. (Tr. 19, 226-415). In sum, the ALJ's rationale for discounting Plaintiff's subjective allegations is supported by substantial evidence. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 17, 2015

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge