UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS SHINAVER,                                ) | |
|       Plaintiff,                                      ) | |
|                                                             ) | No. 1:14-cv-727 |
| -v-                                                           ) | |
|                                                             ) | HONORABLE PAUL L. MALONEY |
| COMMISSIONER OF SOCIAL SECURITY,     ) | |
|       Defendant.                                 ) | |
| _____) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Thomas Shinaver applied for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits. After the Administrative Law Judge denied his application and the Appeals Council declined to review the ALJ's decision, Shinaver initiated this lawsuit. The Magistrate Judge issued a report recommending the decision be affirmed. (ECF No. 21.) Shinaver filed objections. (ECF No. 22.)

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

**Objection 1.**

In his initial brief, Shinaver argued the ALJ erred at Step Three of the sequential evaluation process. According to Shinaver, he suffers from a back injury that is medically equivalent to the

impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.07. Shinaver argued the ALJ failed to receive and consider a medical opinion with regard to whether he has the medical equivalent of a listed impairment. The Magistrate Judge found that ALJ did not err because Shinaver does not have the same sort of injury as that described in § 1.07. Shinaver objects, explaining that the Magistrate Judge neglected to address the fact that the ALJ failed to acquire a medical opinion and also neglected to address the medical equivalency argument.

Shinaver's objection is OVERRULED. The claimant bears the burden at this step in the evaluation process. The claimant must put forward medical evidence that the impairment is equivalent to a listed impairment to consider. Shinaver did not do so. In his brief to the ALJ, Shinaver asserted "[h]e equals listing 1.07, as there is a non-union of the spinal fusion that was done over three years ago." (ECF No. 8-6 Page ID 245.) The medical equivalency claim was not further developed at the hearing. This assertion, and the note in his medical file that his spinal surgery did not accomplish the intended fusion, is not sufficient for Shinaver to carry his burden. The ALJ need not respond to each and every unsupported assertion.

A review of the law regarding the list of impairments confirms this conclusion. The United States Supreme Court has explained that the impairments listed in Appendix 1

> are descriptions of various physical and mental illness and abnormalities, most of which are categorized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.

*Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990) (italics in original). The Court also explained how a claimant establishes the equivalency of a listed impairment.

> For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present

> medical findings equal in severity to *all* the criteria for the one most similar listed impairment. . . . A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment.

*Id.* at 531 (italics in original; internal citation and citation omitted). The Sixth Circuit Court of Appeals has emphasized that the claimant, not the Commissioner, bears the burden at this step in the sequential process. *Blanton v. SSA*, 118 F.App'x 3, 4 (6th Cir. 2004) ("It is a claimant's burden at the third step of the evaluation process to provide evidence that she meets or equals a listed impairment. "). The claimant bears the burden, even when the ALJ is supposed to consider the opinion of a medical expert before made a determination of medical equivalence. *Retka v. CSS*, 70 F.3d 1272, at \*2 (6th Cir. 1995) (unpublished table opinion) ("Generally, the opinion of a medical expert is required before a determination of medical equivalence is made. It is the claimant's burden at this third step in the sequential evaluation to bring forth evidence to establish that he or she meets or equals a listed impairment.") (internal citation and citation omitted).

Keeping in mind that Shinaver bore the burden of providing medical evidence to support his equivalency argument, there are two problems with Shinaver's objection. Shinaver contended that he had the medical equivalent of § 1.07, which deals with fractures of upper extremities. The impairment requires a showing that (1) the shaft of the humerus, radius, or ulna (the major bones of the upper and lower arm), (2) suffered a fracture that will not join (nonunion), (3) is under continuing surgical management directed towards restoration, and (4) that the function was not restored or is not expected to be restored within 12 months of the onset. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.07. Shinaver's first problem is that § 1.04, not § 1.07, deals with spinal impairments, which would be the most similar listed impairment. By itself, this would be sufficient to defeat the objection. Indeed, this is what the Magistrate Judge focused on. Shinaver's second problem is that

his evidence does not show that his allegedly medically equivalent impairment meets *all* of the criteria of § 1.07. As the Magistrate Judge pointed out, Shinaver did not suffer any fracture of an extremity; the surgeries that apparently failed were attempts to fuse Shinaver's spine.[1] Shinaver did not supply a medical opinion that the failed surgeries created the medical equivalent of a fracture of one of the major arm bones. Both concerns were included in the report and recommendation. There was no need for the ALJ to seek a medical opinion when Shinaver's impairment was not plausibly equivalent to a listed impairment.

**Objection 2.**

In his initial brief, Shinaver argued that the ALJ's reasons for discounting Shinaver's credibility were not supported by the record. The Magistrate Judge pointed to the evidence on which the ALJ relied. Shinaver objects, explaining that the Magistrate Judge did not address his claim of error. Shinaver insists that both the ALJ and the Magistrate Judge ignored the January 2012 x-ray, which revealed that his spinal fusion was not successful. Shinaver reasons that the medical evidence on which the ALJ and the Magistrate Judge relied predates the January 2012 finding.

Shinaver's objection is OVERRULED. Shinaver's fusion surgery occurred in February 2009. Based on the x-ray taken in January 2012, that fusion surgery was not successful. The medical data on which the ALJ and the Magistrate Judge based their conclusions was collected in 2010 and 2011, after the unsuccessful surgery. The ALJ found Shinaver's testimony at the hearing was not credible because his complaints were not consistent with the medical evidence that had been gathered after

---

[1] Shinaver focuses on the word "nonunion" in the regulation's description of an arm fracture that will not heal. Shinaver ignores the obvious distinction. His doctors were not attempting to return a bone to its original state, as the bones of the spine, unlike any one of the bones in the arm, did not start as a single, unitary structure.

the unsuccessful surgery.  Shinaver has not satisfactorily explained why knowledge that the surgery was unsuccessful adequately explains the difference in his complaints.  As noted by the Magistrate Judge, this Court must defer to the credibility determinations of the ALJ, so long as that determination is supported by substantial evidence.  Here, the record is sufficient to support the ALJ's conclusion, and the Magistrate Judge did not err in recommending that the ALJ's decision be affirmed.

Accordingly, the report and recommendation (ECF No. 21) is **ADOPTED**, over objections, as the Opinion of this Court.  The Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**


Date:   August 4, 2015                             /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge